# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALYSSA HYMAN, <br><br> *Plaintiff*, <br><br> v. <br><br> AMERICAN INSTITUTE OF ARCHITECTS, <br><br> *Defendant*. | Civil Action No. 18-2899 (TJK) |

## MEMORANDUM OPINION

Alyssa Hyman brought this discrimination suit against her former employer, the American Institution of Architects (AIA), in December 2018. But she has repeatedly missed deadlines and failed to prosecute it. In December 2019, the Court warned her that it would dismiss her case if she did not comply with her discovery obligations. She did not do so. Accordingly, for the reasons explained below, the Court will grant AIA's Motion to Dismiss Complaint With Prejudice as Sanction for Discovery Violations, ECF No. 21.

## I. Background

Hyman filed her complaint in December 2018. ECF No. 1. Before Defendant answered in April 2019, her original attorneys withdrew and her current counsel replaced them. ECF Nos. 3, 11, 12. The parties then expressed interest in mediating the case, and so the Court referred it to Magistrate Judge Robinson for that purpose. Minute Order of May 30, 2019. The Court extended the period for mediation at Hyman's request in August 2019 after she informed her counsel the day before the scheduled mediation that she was out of the country. *See* ECF No. 15; Minute Order of August 1, 2019. After that rescheduled mediation failed, the Court entered a scheduling order governing discovery. ECF No. 18. Hyman went on to ignore Defendant's

requests for production and interrogatories, as well as the discovery deadlines provided in the Federal Rules of Civil Procedure. *See* ECF No. 20 at 1–2; ECF No. 21-1 at 2–3; ECF Nos. 21-3, 21-4. The parties called chambers on December 18, 2019 to discuss Hyman's failure to participate in the discovery process. The Court held a status conference on December 20, 2019. Hyman's counsel explained that Hyman had not responded to his communications about her obligation to respond to Defendant's discovery requests. Still, the Court extended Hyman's time to respond to those requests, even though her responses were over a month past due. *See* ECF No. 19; ECF No. 21-1 at 2–3. In that Order compelling discovery, the Court warned "that, especially after failing to fully comply with her discovery obligations without explanation, Hyman's failure to comply with this Order" and provide discovery responses by January 6, 2020, could "result in sanctions up to and including dismissal of this case." ECF No. 19 at 1–2.

As of January 7, 2020, Hyman still had "not produced any written responses or documents in response to AIA's discovery requests, nor [had] she responded to her attorney's communications regarding her ongoing obligations to participate in the discovery process." ECF No. 20 at 2. Fact discovery closed on January 28, 2020. *See* ECF No. 18 at 1. And a few days later, Defendant filed the instant Motion to Dismiss Complaint With Prejudice as Sanction for Discovery Violations, ECF No. 21. Hyman's response to the motion was due by February 7, 2020. Minute Order of January 15, 2020. That date has passed without a response, and the record does not reflect that she has provided any discovery responses or explained her failure to prosecute the case.

## II.    Legal Standards

Two rules provide for dismissal in circumstances like these. Federal Rule of Civil Procedure 37(b)(2)(A) states that if a party "fails to obey an order to provide or permit discovery," the Court may "dismiss[] the action or proceeding in whole or in part." In addition,

under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In deciding whether to exercise its discretion under either rule to dismiss a case, the Court considers three factors: "(1) prejudice to the other party; (2) failure of alternative sanctions to mitigate the severe burden that the misconduct has placed on the judicial system; and (3) deterrence of future misconduct." *Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000) (discussing Rule 41); *Webb v. D.C.*, 146 F.3d 964, 971 (D.C. Cir. 1998) (discussing Rule 37).

Rule 37 also requires that "instead of or in addition to" an order dismissing a case under that rule for failure to comply with a discovery order, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *see* ECF No. 21 at 1 (requesting attorney's fees).

## III. Analysis

Dismissal of Hyman's case is plainly appropriate under Rules 37 and 41 for several reasons. First, Hyman's refusal to respond to any of AIA's discovery requests and to the Court's subsequent Order compelling discovery has obviously prejudiced Defendant. Without discovery, "AIA cannot understand and evaluate Hyman's claims, assess the bases and appropriateness of her claimed damages, identify other potential witnesses, or formulate its defenses." ECF No. 21-1 at 7. Second, Hyman's abject failure to participate in the case, described above, has put "an intolerable burden on the Court by requiring it to modify its own docket and operations in order to accommodate the delay." *Webb*, 146 F.3d at 971 (cleaned up). Third, the Court must deter parties like Hyman from flouting the Federal Rules and court orders, and making a mockery of the litigation process.

Under Rule 37(b)(2)(C), the Court must also order Hyman to pay AIA for its expenses—"including . . . its attorney's fees incurred in filing [its] motion to dismiss," ECF No. 21 at 1—"caused by [Hyman's] failure" to comply with the Court's December 20, 2019, Order compelling discovery. Hyman offers no justification for her failure, let alone a reasonable one, and an award of expenses under these circumstances is just. Indeed, Hyman did not respond to her attorney's repeated outreach leading up to the Court's December 20, 2019, status conference, and her failure to respond apparently continued through at least January 7, 2020, when the parties submitted a joint status report, *see* ECF No. 20 at 2. Therefore, the cost of Hyman's failure to comply with the Court's Order must fall on Hyman, and not her counsel.

**IV.     Conclusion**

For all these reasons, Defendant's Motion to Dismiss Complaint With Prejudice as Sanction for Discovery Violations, ECF No. 21, will be granted. A separate order will issue.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 12, 2020